# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| |  |
|---|---|
| KIRA WAHLSTROM,<br><br>        Plaintiff<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY<br>and AMERICAN GUARANTEE AND<br>LIABILITY INSURANCE COMPANY<br><br>        Defendants | NO.   1:19-cv-12208 |

## MEMORANDUM IN SUPPORT OF ZURICH AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS

### FACTS

This is a claim against two insurance companies, Zurich American Insurance Company ("Zurich") and American Guarantee and Liability Insurance Company ("AGLIC") for alleged unfair claims settlement practices in violation of G.L. c. 93A and c. 176D. Specifically, the plaintiff alleges a failure to settle an underlying tort case when liability was reasonably clear (Complaint ¶55). The defendants in the underlying tort case were JPA Management Company I and JPA Management Company IV. The Complaint contains the following allegations as to the insurance coverage available in the underlying case

> 44. Insurance coverage for Ms. Wahlstrom [sic] lawsuit against JPA IV and JPA I was disclosed as Integrated Risk Facilities for John Philopoulos Associates Certificate number AUC 9007010-06-9170, with the following participating companies:
>
>     a. American Guarantee and Liability Insurance Company, Policy Number AUC 9007010-04 with a limit of liability of $25,000,000;
>     b. Federal Insurance Company, Policy Number 7954-39-83, with a limit of liability of $25,000,000;
>     c. Westchester Fire Insurance Company, Policy Number G23?10955001 with a limit of liability of $25,000,000;
>     d. Federal Insurance Company, Policy Number 7954-39-84, with a limit of liability of $25,000,000 (Complaint ¶44).

Although the Complaint alleges that AGLIC issued a policy applicable to the underlying case, there is no allegation that Zurich issued a policy. Zurich's connection with this matter is that it is the parent corporation of AGLIC. See Defendants' Corporate Disclosure Statement [Doc. 2] (AGLIC "is a wholly owned subsidiary of Zurich American Insurance Company."). See also (Complaint ¶17). This relationship is an insufficient basis to bring a claim against Zurich for alleged violations of c. 176D.

## ARGUMENT

Chapter 176D imposes obligations on insurer that have issued policies applicable to identified claims. The predicate for any potential liability under c. 176D and c. 93A is that an insurer has issued an insurance policy to a specific insured, thereby creating rights and obligations to the insured and the claimant. Chapter 176D does not impose obligations on insurers that have not issued policies applicable to an identified claim, and no court has ever held that the statute has that effect. An insurer's obligation to settle when liability is reasonably clear assumes that the insurer has issued a policy, and that there are proceeds available in the policy to effect a settlement. There is no allegation in the Complaint that Zurich issued a policy applicable to the underlying tort case. Indeed, the plaintiff cannot make that allegation because the relevant policy was issued by AGLIC, Zurich's subsidiary.

The relation of parent and subsidiary is not a basis for imposing liability on a parent for the acts of the subsidiary. "One of the basic tenets of [corporate common law] is that corporations – notwithstanding relationships between or among them – ordinarily are regarded as separate and distinct entities." Scott v. NG U.S.1, 450 Mass. 760, 766, 881 N.E.2d 1125, 1136 (2008). See United States v. Bestfoods, 524 U.S. 51, 61 (it is a general principle of corporate law "deeply 'engrained in our economic and legal systems' that a parent corporation . . . is not

liable for the acts of its subsidiaries . . . .); Kraft Power Corp. v. Merrill, 464 Mass. 145, 148, 981 N.E.2d 671, 676 (2013).

There is an exception to the rule of corporate separateness, but the plaintiff has not and cannot allege that the Zurich-AGLIC relationship falls within that exception. The exception requires a plaintiff to make a "showing that a parent is employing a subsidiary to perpetrate a fraud or commit wrongdoing and that this was a proximate cause of the plaintiff's injury." 1 W. Fletcher, Cyclopedia of Corporations §43 at 711-13 (Rev. ed. 1999). As noted, the plaintiff makes no such allegation, but rather affirmatively alleges that AGLIC issues many types of insurance policies to customers throughout the United States and that it is licensed by the Commonwealth of Massachusetts Division of Insurance (Complaint ¶¶8-10). There is no allegation in the Complaint that Zurich uses AGLIC to perpetrate frauds, or that the plaintiff's injury was caused by Zurich's use of AGLIC to perpetrate frauds.

## **CONCLUSION**

The absence of any allegation that Zurich issued an insurance policy coupled with the presumption of corporate separateness leads to the conclusion that the plaintiff has failed to state a claim against Zurich. The plaintiff's complaint should be dismissed as to Zurich.

DEFENDANTS,
ZURICH AMERICAN INSURANCE COMPANY,

By its attorneys,

*/s/ Allen N. David*
Allen N. David, BBO #115000
Avana A. Anderson, BBO #695292
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 951-2100
adavid@peabodyarnold.com
aanderson@peabodyarnold.com

Date: November 20, 2019

3

## **CERTIFICATE OF SERVICE**

      I, Allen N. David, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be mailed by First Class Mail to those indicated as non-registered participants on this 20th day of November, 2019.

                                              */s/ Allen N. David*
                                              Allen N. David

1670894
16296-203453