UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.: 1:19-CV-12208-LTS

KIRA WAHLSTROM,
    Plaintiffs

v.

ZURICH AMERICAN INSURANCE
COMPANY, and AMERICAN
GUARANTEE AND LIABILITY
INSURANCE COMPANY,
    Defendants

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE PERSONNEL FILES

Plaintiff Kira Wahlstrom, by and through undersigned counsel, requests this Honorable Court Order Defendants to produce the personnel files of certain key witnesses. Plaintiff's arguments are set forth below.

### PERTINENT PROCEDURAL HISTORY

On May 31, 2020, Plaintiff served Defendants with a Request for Production of Documents, which included a request for the complete personnel files for Molly Harrigan and her supervisor. **Exhibit A** (Req. No. 48 and 49). Defendants waited seventy-one days,[1] and then, on August 10, 2020, served Plaintiff with the Responses to the Request for Production of Documents, objecting to the personnel file requests with classic boilerplate objections:

> "The defendants object to this request on the grounds that it is vague and ambiguous. The defendants further object to this request on the grounds that it is overly broad and not properly limited in scope or time. In addition, the defendants object to this request on the grounds that it seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Finally,

---
[1] Fed. R. Civ. P. 34(b)(2)(A).

the defendants object on the grounds that the request seeks confidential personal information." **Exhibit B.**

Counsel held a telephone conference with Defendants' counsel in an attempt to resolve the objections and presented Defendants' counsel with several alternatives, including options to allow Plaintiff's counsel to inspect the files at their location and/or to enter into an appropriate confidentiality agreement pertaining to the material in the files to protect any properly privileged or personal matter. The consultation between counsel was unsuccessful, and Defendants continues to refuse to produce the requested materials under any of the above-offered scenarios.

## **ARGUMENT & CITATION OF AUTHORITIES**

The broad scope of discovery is plainly described in Fed. R. Civ. P 26(b)(1), which provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Discovery is one of the working tools of the legal profession… It seems clear and long has been recognized that discovery should provide a party access to anything that is evidence in his case." *Hickman v. Taylor*, 329 U.S. 495, 515 (1947). "Relevancy" for purposes of discovery, is to be interpreted broadly. *Brunswick Corp. v. Chrysler Corp.,* 201 F. Supp. 118 (E.D. Wis. 1968). The purpose of discovery is to allow parties to obtain "the fullest possible knowledge of the issues and facts before trial." *LeBarron v. Haverhill Coop. School Dist.,* 127 F.R.D. 38, 40 (D.N.H. 1989). "The scope of discovery is broad, and to be discoverable, information need only

appear to be 'reasonably calculated to lead to the discovery of admissible evidence.'" *Remexcel Managerial Consultants, Inc. v. Arlequin*, 583 F.3d 45, 52 (1st Cir. 2009) (quoting Fed. R. Civ. P. 26(b)(1)).

**I.     Defendants' Objections are Untimely and Improper.**

Defendants responded to the Requests on August 10, 2020, more than 30 days after the Requests were served. Defendants had ample opportunity to timely object or seek a protective order — but they did not. The objections in their untimely response are also insufficient and lacking specificity. The objections are extensive, evasive, and truly nothing more than improper boilerplate objections.[2] A party objecting to a discovery request must state the grounds "with specificity." Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 34(2)(B). Boilerplate objections are prohibited. *See* Fed. R. Civ. P. 26, Advisory Committee Note to 2015 Amendments (explaining that Rule 26 does not "permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional"); *Philips Med. Sys. P.R. v. Alpha Biomedical & Diagnostic Corp.*, Civil No. 19-1488 (BJM), at *14 (D.P.R. Jan. 15, 2021)

As the party asserting a privilege not to disclose information, Defendants bear the burden of establishing the privilege. *FDIC v. Ogden Corp*., 202 F.3d 464, 460 (1st Cir. 2000) (citation omitted). Even if arguable grounds for objection existed, Defendants did not even attempt to specify which aspects of the requests they believed to be objectionable and did not produce the non-objectionable documents for inspection.  Where a party withholds otherwise discoverable information based on a claim of privilege, the party must produce a privilege log that "describe[s] the nature of the documents, communications, or tangible things not produced or disclosed—and do[es] so in a manner that, without revealing information itself privileged or

---

[2] For example, Defendants objected on the grounds that the documents would not lead to the discovery of admissible evidence, in direct contradiction to the language of Fed. R. Civ. P. 26(b)(1).

3

protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii); see *In re Grand Jury Subpoena*, 274 F.3d 563, 575-76 (1st Cir. 2001)("A party that fails to submit a privilege log is deemed to waive the underlying privilege claim.")

Further, because Defendants did not provide a privilege log or otherwise disclose any information about the documents and information withheld, it is impossible for Plaintiff or the Court to evaluate alleged privilege claims. This flagrant disregard for the discovery process is a plain attempt to delay and thwart relevant and material discovery.

> II. **The Personnel Files are Discoverable as Ms. Harrigan and Her Supervisor were Materially Involved in Plaintiff's Underlying Civil Case.**

Whether documents are relevant is a broadly construed during the discovery stage. The information is normally discoverable if there is any possibility that the information might be relevant to the current subject matter of the action or any that may become an issue in the pending litigation. See e.g. *Multi-Core, Inc. v. Southern Water Treatment Co.,* 139 F.R.D. 262, 264 n.2 (D. Mass. 1991) (citing *Microwave Research Corp. v. Sanders Assoc.,* 110 F.R.D. 669, 672 (D. Mass. 1986)).

Ms. Harrigan was a key claims adjuster, and she and her supervisor were directly and intimately involved in the handling of the claim asserted in the underlying civil case. This alone shows a relevant interest in the subject matter of this action. See e.g. *Moss v. Blue Cross Blue Shield of Kansas, Inc.,* 241 F.R.D. 683, 698 (D. Kan. 2007) ("[g]enerally an individual's personnel file is relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and therefore discoverable, if the individual is alleged… to have played an important role in the decision or incident that gives rise to the law suit.") Further, discovery of relevant personnel file information is generally permitted in insurance bad faith cases. *See, Lyon v. Bankers Life and Cas. Co.,* 2011 WL 124629 at *8 (D.S.D. Jan. 14, 2011); *Beyer v. Medico*

4

*Insurance Co.,* 266 F.R.D. 333, 335 (D.S.D. 2009); *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 184-86 (E.D.Pa. 2004); *Dahdal v. Thorn Americas, Inc.*, 1997 WL 599614 at *1 (D.Kan. Sept. 15, 1997).

      The information requested is clearly relevant, in both nature and content, to the allegations which form the basis of this cause of action and is reasonably calculated to lead to the discovery of admissible evidence. Plaintiff claims that agents, servants, staff, and employees of the Defendants failed to properly assess and settle Plaintiff's claim in good faith. Plaintiff maintains that the employees directly involved in the underlying Civil Case were properly trained or skilled in the subject matter of the Civil Case, but instead chose to ignore their knowledge and training in bad faith to drag Plaintiff's case on for nearly a decade after her brutal rape. Evidence of training and qualifications are likely to be contained within each individual's personnel file. These documents would include records commenting upon disciplinary action, recommendations for remedial training, performance reviews, evaluations, certificates of completion of training, in-service training, and in-service evaluations, and are records normally maintained in the course of usual business, contained in each employee's personnel file. The personnel files almost certainly contain records commenting upon the competency of the Defendants, and employees, as well as any remedial actions taken. The information Plaintiff seeks from the files is clearly a proper subject of discovery. *Gowan v. Mid Century Ins. Co.,* 309 F.R.D. 503, 512 (D.S.D. 2015) (citation omitted). This is because "[p]ersonnel files may reveal an inappropriate reason or reasons for defendant's action with respect to plaintiff's claim or an 'improper corporate culture.'" ); see also, *Wiggins v. Gov't Employees Ins. Co.*, 3:16-CV-01142-TJC-MCR, 2017 WL 3720952, at *3 (M.D. Fla. July 10, 2017) (finding employee personnel files regarding job performance, compensation, evaluation, discipline, training, educational

background, work duties, and hours of work discoverable and relevant to plaintiff's bad faith claim); *Turner v. GEICO Indem. Co.*, No. 11–20546–CIV, 2011 WL 11769047, at *2 (S.D. Fla. Sept. 8, 2011) ("information in the personnel files of the employees responsible for adjusting the claim are reasonably calculated to lead to the discovery of admissible evidence regarding the training, supervision and control of those GEICO employees; the competence of the employees assigned to this claim; GEICO's knowledge of their professional abilities or shortcomings; and the standards for evaluating an employee's performance").

### III. Any Privacy Interests are Outweighed by the Plaintiff's Need for Personnel Files and May be Protected by the Parties and the Court.

Courts most assuredly must be concerned with the potential for wholesale disclosure of sensitive information which may be contained within personnel files and have, therefore, afforded protection against such disclosures. *Gowan v. Mid Century Ins. Co.,* 309 F.R.D. 503, 512 (D.S.D. 2015). Defendants have failed to set forth any legitimate grounds for failing to produce the personnel file. Any privacy interests are clearly outweighed by the Plaintiff's substantial need for the non-privileged files. To be clear, Defendants do not claim that the personnel files themselves are privileged, by just vaguely mention the general privacy interests of the non-parties as the partial basis for their objection.

No privilege exists with regard to the production of personnel files. Defendants have failed to set forth good cause as mandated by Fed. R. Civ. P. 34(a). To the contrary, the personnel records are not privileged and are directly relevant to this action and the Defendants' employees' competence. Defendants have failed to produce, in good faith, the production of the requested personnel files that are non-privileged and should have been produced under Fed. R. Civ. P. 34(a). It is patently unfair to permit the Defendants to withhold non-privileged, discoverable documents, based on an objection that such documents are private, which is backed up by vague, incomplete,

and evasive objections, thus becoming both judge and jury in regard to whether such information should be protected from discovery.

Plaintiff recognizes that "personnel files often contain sensitive personal information…and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly." *Regan-Touhy v. Walgreen Co.*, 526 F. 3d 641, 648 (10th Cir. 2008). Because of this, Plaintiff also offered to go to the Defendants' location and view the personnel files there, or to enter into a confidentiality agreement to protect any legitimate privacy concerns. The Defendants' refusal to provide these files suggests their concern is not for the privacy rights of non-parties at all.

The personnel files are within the sole possession, custody, and control of the Defendants. There is no other means in which the Plaintiff can obtain the requested documents. Plaintiff is at a distinct disadvantage if the Defendants can shield from scrutiny the requested documents. The Rules of Civil Procedure expressly permit discovery of any matter not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party. For these reasons, the Defendants should be compelled to provide the personnel files of Molly Harrigan and her supervisor.

WHEREFORE, Plaintiff, Kira Wahlstrom respectfully requests that this Honorable Court enter an order requiring the Defendants to produce the personnel files of Molly Harrigan and her supervisor.

The Plaintiff,
By her attorney,

_____
David J. Hoey, Esq. BBO #: 628619
Law Office of David J. Hoey, P.C.

|  |  |
|---|---|
| Dated: May 14, 2021 | 352 Park Street, Suite 105<br>North Reading, MA 01864<br>P: (978)664-3633<br>F: (978)664-3643<br>E: dhoey@hoeylaw.com |

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party having an appearance in this case via CM/ECF, if available, or otherwise by U.S. Mail on May 14, 2021.

/s/ David J. Hoey

_____

David J. Hoey