# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIRA WAHLSTROM,<br><br>              Plaintiff<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY and AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY<br><br>              Defendants | NO.  1:19-cv-12208 |

## AMENDED ANSWER OF DEFENDANT ZURICH AMERICAN INSURANCE COMPANY

### INTRODUCTION

The defendant Zurich American Insurance Company ("Zurich") says that there are no factual allegations in this Introduction and that no answer is required. To the extent there are factual allegations, they are denied.

### PARTIES

1. The defendant admits that Kira Wahlstrom is the plaintiff but is without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph.

2. The defendant denies that Zurich American Insurance Company's headquarters are in Zurich, Switzerland, but admits that Zurich has a principal place of business in Schaumberg, Illinois.

3. The defendant says that the document speaks for itself.

4. Denied.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

## FACTS

11. The defendant says that the documents speak for themselves.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

17. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

18. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

19. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

20. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

21. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

22. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

23. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

24. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

25. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

26. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

27. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

28. The defendant admits that the plaintiff was raped in the garage.

29. Admit.

30. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

31. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

32. The defendant admits that Jose Rivera III pleaded guilty and is in prison. The defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

33. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

34. The defendant admits that the plaintiff was harmed. It denies the remaining allegations of this paragraph.

35. The defendant admits that the plaintiff was harmed, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

36. The defendant admits that the plaintiff filed suit.

37. The defendant admits that the discovery period closed on September 30, 2013, that One Beacon Insurance Company ("One Beacon") offered $100,000 at a mediation on May 10, 2013, and that the plaintiff rejected the offer. The defendant denies the remaining allegations of this paragraph.

38. Admit.

39. The defendant admits that One Beacon increased its settlement offer to $450,000 and that the plaintiff rejected it. The defendant denies the remaining allegations of this paragraph.

40. The defendant admits that: the case was tried to a jury from July 24 to August 11, 2015; the jury reached a verdict on July 11, 2015; the verdict was $4 million; and judgment entered on September 14, 2015. The defendant says that the amount of the judgment speaks for itself. Further answering, the defendant says that the judgment was vacated and a new trial granted on May 19, 2016. Notwithstanding the absence of a judgment, AGLIC has paid the plaintiff the amount of any judgment that could enter as of November 19, 2019. As of the date of this answer, there is no judgment.

41. The defendant admits that Lawrence Kenney was lead counsel, but otherwise denies the allegations of this paragraph.

42. Admit.

43. Admit.

4

44.	The defendant denies that the list contained in this paragraph of the Complaint is complete as it fails to include JPA IV and JPA I's primary insurer with respect to Ms. Wahlstrom's lawsuit, One Beacon.

45.	The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

46.	Deny.

47.	Deny.

## CLAIMS

48.	The defendant realleges its answers to paragraphs 1 through 47.

49.	Admit.

50.	The defendant says that this is a conclusion of law requiring no answer.

51.	The defendant says that this is a conclusion of law requiring no answer.

52.	Deny.

53.	The defendant says that this is a conclusion of law requiring no answer.

54.	The defendant says that this is a conclusion of law requiring no answer.

55.	The defendant says that this is a conclusion of law requiring no answer.

47.	[sic] Admit.

48.	[sic] Deny.

49.	[sic] Deny.

50.	[sic] Deny.

51.	[sic] The defendant says that this is a conclusion of law requiring no answer.

52.	[sic] Deny.

## FIRST AFFIRMATIVE DEFENSE

The plaintiff has failed to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

In response to Exhibit A of the Complaint, AGLIC offered the plaintiff $3,410,000 on September 6, 2018. At the time of the offer, the judgment in the underlying case had been vacated and a new trial had been granted. The offer is reasonable in relation to any injury actually suffered as a result of any alleged violations of G.L. c. 93A.

DEFENDANT,
ZURICH AMERICAN INSURANCE COMPANY,

By its attorneys,

/s/ Allen N. David
Allen N. David, BBO #115000
Avana A. Anderson, BBO #695292
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
 (617) 951-2100
adavid@peabodyarnold.com
aanderson@peabodyarnold.com

Dated:  July 15, 2022

CERTIFICATE OF SERVICE

I, Allen N. David, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be mailed by First Class Mail to those indicated as non-registered participants on this 15th day of July, 2022.

 /s/ Allen N. David
Allen N. David

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIRA WAHLSTROM,<br><br>            Plaintiff<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY and AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY<br><br>            Defendants | NO.  1:19-cv-12208 |

## AMENDED ANSWER OF DEFENDANT AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY

### INTRODUCTION

The defendant American Guarantee and Liability Insurance Company ("AGLIC") says that there are no factual allegations in this Introduction and that no answer is required. To the extent there are factual allegations, they are denied.

### PARTIES

1.     The defendant admits that Kira Wahlstrom is the plaintiff but is without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph.

2.     The defendant denies that Zurich American Insurance Company's headquarters are in Zurich, Switzerland, but admits that Zurich has a principal place of business in Schaumberg, Illinois.

3.     The defendant says that the document speaks for itself.

4.     Denied.

5.     Admit.

6.     Admit.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

## **FACTS**

11. The defendant says that the documents speak for themselves.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

17. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

18. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

19. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

20. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

21. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

22. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

23. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

24. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

25. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

26. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

27. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

28. The defendant admits that the plaintiff was raped in the garage.

29. Admit.

30. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

31. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

32. The defendant admits that Jose Rivera III pleaded guilty and is in prison. The defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

33. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

34. The defendant admits that the plaintiff was harmed. It denies the remaining allegations of this paragraph.

35. The defendant admits that the plaintiff was harmed, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

36. The defendant admits that the plaintiff filed suit.

37. The defendant admits that the discovery period closed on September 30, 2013, that One Beacon Insurance Company ("One Beacon") offered $100,000 at a mediation on May 10, 2013, and that the plaintiff rejected it. The defendant denies the remaining allegations of this paragraph.

38. Admit.

39. The defendant admits that One Beacon increased its settlement offer to $450,000 and that the plaintiff rejected it. The defendant denies the remaining allegations of this paragraph.

40. The defendant admits that: the case was tried to a jury from July 24 to August 11, 2015; the jury reached a verdict on July 11, 2015; the verdict was $4 million; and judgment entered on September 14, 2015. The defendant says that the amount of the judgment speaks for itself. Further answering, the defendant says that the judgment was vacated and a new trial granted on May 19, 2016. Notwithstanding the absence of a judgment, the defendant has paid the plaintiff the amount of any judgment that could enter as of November 19, 2019. As of the date of this answer, there is no judgment.

41. The defendant admits that Lawrence Kenney was lead counsel, but otherwise denies the allegations of this paragraph.

42. Admit.

43. Admit.

4

44.     The defendant denies that the list contained in this paragraph of the Complaint is complete as it fails to include JPA IV and JPA I's primary insurer with respect to Ms. Wahlstrom's lawsuit, One Beacon.

45.     The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

46.     Deny.

47.     Deny.

## CLAIMS

48.     The defendant realleges its answers to paragraphs 1 through 47.

49.     Admit.

50.     The defendant says that this is a conclusion of law requiring no answer.

51.     The defendant says that this is a conclusion of law requiring no answer.

52.     Deny.

53.     The defendant says that this is a conclusion of law requiring no answer.

54.     The defendant says that this is a conclusion of law requiring no answer.

55.     The defendant says that this is a conclusion of law requiring no answer.

47.     [sic] Admit.

48.     [sic] Deny.

49.     [sic] Deny.

50.     [sic] Deny.

51.     [sic] The defendant says that this is a conclusion of law requiring no answer.

52.     [sic] Deny.

## FIRST AFFIRMATIVE DEFENSE

The plaintiff has failed to state a claim upon which relief can be granted.

5

SECOND AFFIRMATIVE DEFENSE

In response to Exhibit A of the Complaint, the defendant offered the plaintiff $3,410,000 on September 6, 2018. At the time of the offer, the judgment in the underlying case had been vacated and a new trial had been granted. The offer is reasonable in relation to any injury actually suffered as a result of any alleged violations of G.L. c. 93A.

DEFENDANT,
AMERICAN GUARANTEE AND LIABILILTY INSURANCE COMPANY,

By its attorneys,

/s/ Allen N. David
Allen N. David, BBO #115000
Avana A. Anderson, BBO #695292
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
 (617) 951-2100
adavid@peabodyarnold.com
aanderson@peabodyarnold.com

Dated:  July XX, 2022

CERTIFICATE OF SERVICE

I, Allen N. David, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be mailed by First Class Mail to those indicated as non-registered participants on this XX[th]  day of July, 2022.

 /s/ Allen N. David
Allen N. David