UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIRA WAHLSTROM,<br><br>        Plaintiff<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY and AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY<br><br>        Defendants | NO.  1:19-cv-12208 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE REGARDING SETTLEMENT OFFERS**

**INTRODUCTION**

The plaintiff wants to be able to offer evidence of settlement discussions between her counsel and the undersigned counsel regarding settlement of this case, not the underlying case. The plaintiff's motion is based on a misunderstanding of how G.L. c. 93A, § 9 works, in particular the safe harbor provision. The motion should be denied for at least three substantive reasons and one policy reason.

**ARGUMENT**

**I.     THE COURT'S RULING CAPPING DAMAGES AT THE AMOUNT OF THE DEFENDANTS' OFFER IN RESPONSE TO THE CHAPTER 93A DEMAND IS NOT A RULING THAT THE SETTLEMENT OFFER REPRESENTS THE FAIR VALUE OF THIS CASE**

The plaintiff's motion assumes that the Court's ruling that the defendants' settlement offer of $1,020,000 represents the fair value of the case. That is not what the statute provides and that is not what the Court ruled. A recipient of a c. 93A demand can take advantage of the "safe harbor" provision of § 9(3) by making an offer that is "reasonable in relation to the injury actually suffered by the petitioner." G.L. c. 93A, § 9(3). The reasonableness of that offer is determined solely in

Confidential \ Non Personal Data

relation to the plaintiff's injury. The analysis does not allow for discounts based on perceived weaknesses in liability. In cases like this one, "[t]he reasonableness of the . . . offer must be judged in relation to 'the interest lost on money wrongfully withheld by the insurer, compensating claimants for the costs and expenses directly resulting from the insurer's conduct.'" Calandro v. Sedgwick Claims Mgmt. Servs., 264 F.Supp.3d 321, 324 (D. Mass. 2017), quoting Clegg v. Butler, 676 N.E.2d 1134, 1142 (Mass. 1997). This loss of use calculation does not vary based on the strength of the insurer's defenses to the plaintiff's claim. It is a number based on an assumption of full liability, in an amount sufficient to make a plaintiff whole.

In its order limiting damages, the Court did not hold that the offer of $1,020,000 was a reasonable settlement value based on the strengths and weaknesses of the parties' cases. The defendants did not request such a determination, the statute does not require such a determination, and the record before the Court did not permit it to make such a determination. The Court's holding was limited to the fact that "$1,020,000 was a reasonable offer in relation to the loss of use injury." (Doc. 103 at 16).

It is the defendants' position that this case is worth less than that when liability issues are taken into consideration. The defendants should be able to negotiate a settlement without being accused of further bad faith based on the plaintiff's erroneous understanding of the statute.

## II. THE DEFENDANTS DID NOT WITHDRAW THE OFFER – THE PLAINTIFF REJECTED IT

The plaintiff accuses the defendants of "pulling [the offer] once plaintiff . . . sought to accept it." (Plaintiff's Motion at 1). The defendants did not pull the offer. The plaintiff specifically rejected the offer on July 28, 2021 (Doc. 86-3). The plaintiff's rejection of the offer is a condition precedent to the defendants' ability to take advantage of the "safe harbor" because that procedure

2

is based on the premise that the plaintiff has rejected an offer that is reasonable in relation to the injury actually suffered.

The plaintiff is correct that the purpose of the c. 93A demand letter requirement is to prevent plaintiffs from having to bring unnecessary litigation to obtain relief. The time for acting on that, however, is at the outset when the defendant makes the settlement offer. Here, the defendants made a reasonable offer. The plaintiff rejected it and continued with this litigation. The defendants did not force the plaintiff into unnecessary litigation. It was her choice to reject the offer.

**III.   THE ISSUE IN THIS CASE IS THE DEFENDANTS' CONDUCT IN THE UNDERLYING CASE, NOT THEIR CONDUCT IN THIS CASE**

The plaintiff cites Scott v. Vermont Mut. Ins. Co., 2011 WL 4436984 (D. Mass., Sept. 22, 2011) for the proposition that in an insurance bad faith case there are two settlement obligations at issue. The first involves the insurer's obligation to comply with G.L. c. 176D in the settlement of an underlying case. The second arises out of the insurer's receipt of a c. 93A demand letter. Id. at * 7. The defendants have satisfied whatever settlement obligation they have arising out of the c. 93A demand letter by making a reasonable settlement offer. The only issue at trial will be the defendants' conduct in the underlying case. The evidence regarding that conduct is fixed. Any settlement discussions about this case are irrelevant to the defendants' conduct in the underlying case.

The plaintiff says that the "[d]efendants are expected to offer the $1,020,000 tendered into evidence at trial . . . ." (Plaintiff's Motion at 4). That is not the defendants' intent. The $1,020,000 has nothing to do with their settlement efforts in the underlying case. That number is a cap on damages in this case. It has no bearing either way on the defendants' good faith in the underlying case.

The cases the plaintiff cites do nothing to advance her argument that settlement negotiations in this case are relevant to any claim of bad faith in the underlying case. All those cases involve an insurer's conduct in the settlement of an underlying case. None of them support the argument that alleged bad faith in an insurer's defense of a bad faith claim is evidence of its bad faith in handling an underlying claim. The two are factually and legally separate.

**IV.    AS A MATTER OF POLICY, EVIDENCE OF SETTLEMENT DISCUSSIONS SHOULD BE EXCLUDED**

Whether or not the settlement discussions in this case fall within Fed. R. Evid. 408, they should be excluded. The defendants acknowledge that there are situations in which settlement discussions are admissible. This is not one of them. Settlement discussions in this case are irrelevant to the merits of the plaintiff's claims that defendants were in bad faith in the handling of the underlying case. On a more immediate and practical level, the undersigned counsel will be reluctant to engage in any settlement discussions of this case if her conversations with opposing counsel and the offers she makes will become the contents of motions filed on the public docket. This is not a development the Court should allow to happen.

## CONCLUSION

For the above reasons, the defendants request that the plaintiff's motion be denied.

DEFENDANTS,

ZURICH AMERICAN INSURANCE COMPANY and AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY

By their attorneys,

*/s/Scarlett M. Rajbanshi*
Allen N. David, BBO #115000
Scarlett M. Rajbanshi, BBO #666103
Avana A. Epperson-Temple, BBO #695292
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 951-2100
adavid@peabodyarnold.com
srajbanshi@peabodyarnold.com
aeppersontemple@peabodyarnold.com

Dated:   February 27, 2023

## CERTIFICATE OF SERVICE

I, Scarlett M. Rajbanshi, certify that on this 27th day of February, 2023, this document was served by electronic delivery through the CM/ECF system on the registered participants as identified on the Notice of Electronic filing, which will forward copies to Counsel of Record.

*/s/ Scarlett M. Rajbanshi*
Scarlett M. Rajbanshi

2490153
16296/203453