# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIRA WAHLSTROM,<br><br>     Plaintiff<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY<br>and AMERICAN GUARANTEE AND<br>LIABILITY INSURANCE COMPANY<br><br>     Defendants | NO.  1:19-cv-12208 |

## DEFENDANTS' REQUEST FOR JURY INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 51(b), Defendants Zurich American Insurance Company and American Guarantee and Liability Insurance Company request that the Court include the following proposed jury instructions to the jury as part of its charge.

DEFENDANTS,

ZURICH AMERICAN INSURANCE
COMPANY and AMERICAN
GUARANTEE AND LIABILITY
INSURANCE COMPANY

By their attorneys,

*/s/ Allen N. David*
Allen N. David, BBO #115000
Scarlett M. Rajbanshi, BBO #666103
Avana A. Epperson-Temple, BBO #695292
PEABODY & ARNOLD LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 02210
(617) 951-2100
adavid@peabodyarnold.com
srajbanshi@peabodyarnold.com
Dated:   June 23, 2023         aeppersontemple@peabodyarnold.com

**1.** **Nature of Insurer's Obligation Under G.L. c. 176D and G.L. c. 93A**

"Liability [of an insurer] for unfair claim settlement practices is characterized by '[a]n absence of good faith and the presence of extortionate tactics.' . . . In contrast, '[a] plausible, reasoned legal position that ultimately may turn out to be mistaken [or unsuccessful] is outside the scope of the punitive aspects of the combined application of c. 93A and c. 176D.'"[1]

---

[1] Caira v. Zurich American Ins. Co., 91 Mass. App. Ct. 374, 38 (2017), quoting Guity v. Commerce Ins. Co., 36 Mass. App. Ct. 339, 343, 344 (1994).

**2.**     **<u>G.L. c. 176D, § 3(9)(f) - General</u>**

An insurer has an obligation to make a reasonable settlement offer when "liability becomes reasonably clear."[1]

---

[1] G.L. c. 176D, § 3(9)(f).

### 3.     <u>"Liability" - Definition</u>

The word liability encompasses three things: (1) breach of duty, (2) causation, and (3) damages.[1]

---

[1] <u>Bobick v. U.S. F. & G. Co.</u>, 439 Mass. 652, 659 (2003).

### 4. **When Liability Is Reasonably Clear**

Liability is reasonably clear only when all three elements are reasonably clear. An insurer is "not required to put a fair and reasonable offer on the table until liability and damages [are] apparent."[1] Stated negatively, "[l]iability is not reasonably clear if the elements of the claim are 'still the subject of a good faith disagreement.'"[2]

---

[1] Bobick v. U.S. F. & G. Co., 439 Mass. 652, 659 (2003).

[2] Calandro v. Sedgwick Claims Mgmt. Servs. 2017 WL 5593777 * 6 (D. Mass. Nov. 21. 2017), quoting Clegg v. Butler, 424 Mass. 413, 418 (1997).

### 5.     Standard For Evaluating An Offer When Liability is Reasonably Clear

The standard for evaluating the adequacy of an insurer's response to a settlement demand is "whether, in the circumstances, and in light of the complainant's demands, the offer is reasonable."[1]  "Negotiating a settlement, particularly when the damages are unliquidated is, to an extent, a legitimate bargaining process.  The statute [G.L. c. 176D, § 3(9)] does not call for [a] defendant's final offer, but only one within the scope of reasonableness.  Experienced negotiators do not make their final offer first off, and experienced negotiators do not expect it, or take seriously a representation that it is.'"[2]  This is true "especially given the difficulties inherent in placing a dollar value on intangibles such as pain and suffering."[3]

Although an insurer is required to promptly make a reasonable offer when liability is reasonably clear, "[i]n this context, promptness and reasonableness are judgement calls:  offers made at divers points during a period of time may be deemed prompt, and the range of amounts may be deemed reasonable."[4]  "[A]n insurer's initial offer may be at the low end of its expected range of settlement values; it is not expected to make its final offer, first off."[5]

---

[1] Bobick v. U.S. F. & G. Co., 439 Mass. 652, 659 (2003).
[2] Id. at 662, quoting Forucci v. U.S.F.&G. Co., 11 F.3d 1, 2 (1st Cir. 1993).
[3] Calandro v. Sedgwick Claims Mgmt. Servs. 919 F.3d 26, 38 (1st Cir. 2014).
[4] Id. at 38.
[5] Bohn v. Vermont Mut. Ins. Co., 922 F.Supp.2d 138, 148 (D. Mass. 2013).

**6.      Liquidated And Unliquidated Damages**

There are two general kinds of damages:  liquidated and unliquidated.  Liquidated damages are damages that can be quantified in a specific dollar amount, such as lost wages and medical expenses.  Unliquidated damages are damages that cannot be quantified in a specific dollar amount, such as pain and suffering and emotional distress.  The plaintiff's damages in the underlying case were almost all unliquidated damages based on pain and suffering and emotional distress.[1]

---

[1] See, generally, Harvard Vanguard Med. Assocs., Inc. v. MCAD, 76 Mass. App. Ct. 1126 (recognizing that "… an award for emotional distress is case specific and not to be decided by formula or precise reference points…").

**7.** **<u>Insurer's Own Evaluation</u>**

An insurer is entitled to do its own evaluation of damages and that evaluation is entitled to weight if it is reasonable.[1]

---

[1] <u>Bobick v. U.S. F. & G. Co.</u>, 439 Mass. 652, 661 (2003).

### 8. Effect of Jury Verdict On Reasonableness of Insurer's Evaluation

"[A] jury's verdict is not always predictable and may not constitute in all circumstances a definitive measure of reasonableness."[1]

---

[1] <u>Bobick v. U.S. F. & G. Co.</u>, 439 Mass. 652, 662 (2003).

### 9. Effect of Insurer's Mistaken Evaluation

"An insurer's good faith, but mistaken, valuation of damages does not constitute a violation of c. 176D."[1] An insurer is liable for a mistaken valuation only if it was made in bad faith.[2] Bad faith may be found where an insurer "offers much less than a case is worth in a situation where liability is clear or highly likely."[3] Bad faith is "not simply bad judgment." . . . "It is not merely negligence. It imports a dishonest purpose or some moral obliquity. It implies conscious doing of wrong. It means a breach of a known duty notice of interest or ill will."[4] "So long as the insurer acts in good faith, the insurer is not held to standards of omniscience or perfection; it has leeway to use, and should consistently employ, its honest business judgment."[5]

---

[1] O'Leary-Allison v. Metropolitan Prop. & Cas. Co., 52 Mass. App. Ct 214, 218 (2001).
[2] Id.
[3] Parker v. D'Avolio, 40 Mass. App. Ct. 394, 396 (1996).
[4] Id. at 403-404, quoting Spiegel v. Beacon Participations, Inc., 297 Mass. 398, 416 (1937).
[5] Peckham v. Continental Cas. Ins. Co., 895 F.2d 830, 835 (1st Cir. 1990).

10.     **High/Low Settlement Offers**

"High-low agreements cap a defendants' liability in exchange for ensuring that the plaintiff receives a minimum recovery in the event the jury returns and awards [for the defendant]."[1]   A high/low settlement offer is a valid offer, the acceptance of which results in a legally enforceable settlement.[2]

---

[1] David v. Kelly, 100 Mass. App. Ct. 443, 446, rev. denied, 448 Mass. 1109 (2021).  See Great American Ins. Co. v. Granite State Ins. Co., 378 F.Supp.3d 103, 107 n. 2 (D. Mass. 2019).
[2] Id.; Muise v. Verhave, 85 Mass. Appt. Ct. 1124, 2014 WL 2558278 * 8 (June 9, 2014); Wright v. Kelleher, 12 Mass. L. Rptr. 495, 2008 WL 463960 * 2 (Sept. 10,2008); Richard v. Wilde, 12 Mass. L. Rptr. 669, 2001 WL 241523 * 3-4 (March 7, 2001).

### 11. __Expert Opinion__

Where an insurer has independent advice from an expert witness and trial counsel that causation and damages were not reasonably clear, "liability" as used in the statute was not reasonably clear.[1]

---

[1] <u>Van Dyke v. St. Paul Fire & Marine Ins. Co.</u>, 388 Mass. 671, 677 (1983).

12. **Relevant Time Period**

American Guarantee and Liability Insurance Company (AGLIC) was an excess insurer. That means that it provided a layer of insurance above a layer of insurance provided by a primary insurer. In this case, the primary insurer was One Beacon Insurance Company, and the primary insurance was $1 million. As an excess insurer, AGLIC had no duty to make any settlement offer until the primary insurer One Beacon made its full $1 million policy available for settlement.[1] That occurred at a mediation on June 22, 2015. AGLIC is not responsible for any settlement activity or inactivity before that date. Specifically, AGLIC is not responsible for the timing or the amounts of any settlement offers made by One Beacon before June 22, 2015.

---

[1] Order on Summary Judgment, Doc. 83 at 6-8, 10.

### 13.    Responsibility Of Insurer For Defense Counsel

An insurer on the type of insurance policies involved in this case has an obligation to pay for its insured's defense in a lawsuit.  In this case, One Beacon Insurance Company retained the law firm of Sloane & Walsh to defend its insured JPA in the underlying case.  Sloane & Walsh represented JPA from the outset of the case in 2010 through the trial in August 2015.  After the trial, AGLIC retained the law firm of Boyle Shaughnessy to defend JPA.  In these situations, the law firms represented their client JPA, not the insurers.  "[A] lawyer hired by an insurer to represent an insured owes an unqualified duty of loyalty to the insured and must act at all times to protect the insured's interest . . . . It is the lawyer who controls the strategy, conduct, and daily details of the defense.  To the extent the lawyer is not permitted to act as he or she thinks best, the lawyer properly can withdraw from the case . . . .  In these circumstances, an insurer cannot be vicariously liable for a lawyer's [conduct]."[1]  In other words, the actions the lawyers from Sloane & Walsh and Boyle Shaughnessy took in defending their client JPA were actions that they, in their professional judgment, were necessary to defend the interests of their client JPA.  As an insurer, AGLIC did not and could not control these actions and is not responsible for them.

---

[1] Hebert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass.387, 408-409 (2003).

**14.**     **Effect of Instruction of Damages**

The fact that I am going to instruct you on damages should not be considered as indicating that any view of mine as to which party is entitled to your verdict or that any damages are warranted. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff in accordance with any other instructions.[1]

---

[1] See 3 Federal Jury Practice and Instructions § 106.02 (8th ed. 2000).

**15.**     **Damages in This Case Are Not the Same As Damages In the Underlying Case**

It is important that you distinguish between damages that may be recoverable in this case from damages that plaintiff incurred in the underlying case. The alleged injury is different in the two cases. In this case, the plaintiff is seeking to recover damages based on her claim that the defendants made unreasonable settlement offers. In general, those damages are for loss of use of money. In the underlying case, the plaintiff sought and recovered damages for the sexual assault. Damages in this case are "distinct and different from any recovery in the underlying claim."[1] If you find the defendants liable and if you award damages, you are not to award any damages to compensate the plaintiff for injuries she suffered as a result of the sexual assault. She has already recovered those damages.

---

[1] Yeagle v. Aetna Cas. & Sur. Co., 42 Mass. App. Ct. 650, 654 (1997); See Kapp v. Arbella Mut. Ins. Co., 426 Mass. 683, 685 (1998); Bertassi v. Allstate Ins. Co., 402 Mass. 366, 372 (1988); DiMarzo v. American Mut. Ins. Co., 389 Mass. 85, 101-102 (1983).

16.     **Damages – Loss of Use of Money – General**

The measure of damages, if you choose to award damages, is "interest on the loss of use of money that has been wrongfully withheld from the plaintiff . . . ."[1]  You must first determine whether any of the settlement offers AGLIC made were reasonable under the circumstances.  If one or more of the offers were reasonable, the plaintiff has not been damaged "because there was no wrongful refusal on [AGLIC's] part to extend a fair and reasonable settlement offer."[2]

---

[1] Hopkins v. Liberty Mut. Ins. Co., 434 Mass. 556, 567 (2001).
[2] Bobick v. U. S. F. & G. Co., 439 Mass. 652, 663 (2003).

**17.** **__Damages – Loss of Use of Money – Calculation__**

If you find that all AGLIC's settlement offers were unreasonably low under the circumstances, you must determine four things.

First, you must determine the date on which AGLIC should have made a reasonable offer. This date is the date on which both liability and damages became reasonably clear.[1] In making this determination, you should keep in mind that AGLIC had no responsibility for settlement before June 22, 2015.

Second, you must determine what a reasonable settlement offer should have been based on the information AGLIC had or information that was reasonably available to it.[2]

Third, you must determine a reasonable interest rate.[3]

---

[1] Bobick v. U. S. F. & G. Co., 439 Mass. 652, 662 (2003).
[2] Van Dyke v. St. Paul Fire & Marine Ins. Co., 388 Mass. 671, 676-78 (1983).
[3] Rivera v. Commerce Ins. Co., 84 Mass. App. Ct. 146, 150 (2013).

**18.** **Emotional Distress**

The plaintiff may be entitled to recover for intentional infliction of emotional distress.[1]  In order to recover for intentional infliction of emotional distress, the plaintiff must prove:  (1) that the defendants knew that severe emotional distress was the likely consequence of their conduct; (2) that the defendants' conduct was beyond all bounds of human decency; (3) that the defendants caused emotional distress; and (4) that the plaintiff's emotional distress was extreme and severe.[2] I remind you again that the emotional distress you must consider is only emotional distress caused by the defendants, not emotional distress caused by the sexual assault.

---

[1] Haddad v. Gonzalez, 410 Mass. 855 870 (1991); Zielinski v. Citizens Bank, N.A., 552 F.Supp.3d 60, 72-73 (D. Mass. 2021); Young v. Wells Fargo Bank, N.A., 109 F.Supp.3d 387, 396 (D. Mass 2015); Keenan v. Wells Fargo Bank, N.A., 246 F.Supp.3d 518, 526-27 (D. Mass. 2017).
[2] Haddad, 407 Mass. at 870; Agis v. Howard, 371 Mass. 140, 144-45 (1976).

**19.** **"Willful" Or "Knowing"**

If the defendants' actions were unfair or deceptive in the sense that AGLIC failed to make a reasonable settlement offer when liability and damages were reasonably clear, then you must go on to decide whether the defendants acted willfully or knowingly. The plaintiff has the burden of proving that the defendants acted willfully or knowingly. An action that is "willful" or "knowing" requires more than negligence. "Willful" means acting recklessly with respect to a matter.[1] "Knowing" means acting intentionally or with awareness that a result is practically certain.[2]

---

[1] <u>Kattar v. Demoulas</u>, 433 Mass. 1, 15-16 (2000).
[2] <u>Id.</u> at 16; <u>Gore v. Arbella Ins. Co.</u>, 77 Mass. App. Ct. 518, 532 (2010).

## 20.    <u>**Multiple Damages**</u>

If you have found that the defendants committed an unfair or deceptive act and that they did it knowingly or willfully, then the plaintiff is entitled to an award of either two or three times the amount of the actual damages you have found.  You must therefore determine whether the actual damages should be doubled or trebled.[1]

Multiple damages are designed to impose a penalty on the defendants.  The purpose of multiple damages is to deter callous and intentional violations of the law and to promote prelitigation settlements by making it unprofitable for a defendant to ignore a plaintiff's request for relief or to bargain with the plaintiff in bad faith.[2]  Multiple damages are not awarded to compensate particular plaintiffs.  In determining whether to double or treble the actual damages, take into consideration all the relevant circumstances including the character and degree of the wrong committed by the defendants – not the character and degree of the underlying sexual assault – the necessity of preventing similar wrongs, and each defendants' culpability.[3]

---

[1] G.L. c. 93A, § 9(3).
[2] <u>Heller v. Silverbranch Constr. Co.</u>, 376 Mass. 621, 627 (1978).
[3] <u>International Fid. Ins. Co. v. Wilson</u>, 387 Mass. 841, 856 (1983).

**21.** **Offset For Interest Already Received**

The plaintiff has already received interest of $3,342,199.  The plaintiff is entitled to collect interest only once.  Therefore, you must subtract $3,342,199 from any interest you decide to award the plaintiff.[1]

---

[1] Auto Flat Car Crushers, Inc., v. Hanover Ins. Co., 469 Mass. 813, 824 (2014); Greelish v. Drew, 35 Mass. App. Ct. 541, 545 (1993).